UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————x

VATRA,

        Plaintiff,

-against-                                     24 Civ. 2756 (CM)

AUGUSTIN MIRAKAJ, et al.,

        Defendants.

——————————————————————x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/26/2024

### DECISION AND ORDER REMANDING CASE TO NEW YORK STATE SUPREME COURT IN AND FOR BRONX COUNTY

McMahon, J.:

    Plaintiff VATRA commenced this action, sub nom VATRA (The Pan Albanian Federation of America) v. Mirakaj, on February 27, 2024, in the New York State Supreme Court in and for Bronx County. In the complaint in that action, it alleged that it was a not-for-profit association headquartered in Bronx County. (Dkt. #1-6, Summons and Complaint, ¶ 6). The three defendants named in the pleading – Augustin Mirakaj, Nazo Veliu and Mark Mernaci – are all alleged to be citizens and residents of the State of New York, in either Bronx or Westchester Counties. (Id., ¶¶ 7-9). All the claims alleged arise under state law; no federal claims are asserted.

    On the face of the complaint, there would appear to be no federal subject matter jurisdiction over this lawsuit, Nonetheless, the three defendants have removed it to this court, alleging that VATRA (which conveniently does not identify itself as a corporation or an unincorporated association) is in fact a Massachusetts corporation with its principal place of business in Lexington, Massachusetts. As proof, the removing defendants call the court's attention to a lawsuit filed by VATRA against defendant Mirakaj in the United States District Court for the District of Massachusetts, in which the complaint alleges that VATRA is incorporated and has its principal place of business in that Commonwealth.

    Moving to remand the case to Bronx County, plaintiff does not deny that it is a corporation organized under the laws of the Commonwealth of Massachusetts, but insists that its principal place of business is and for 35 years has been in the Bronx – making it a citizen of New York as well as Massachusetts, and defeating diversity, since defendants do not contest that they are all citizens of the State of New York.

The fact is, this matter must be remanded because, even if there is complete diversity (which is apparently not the case here), defendants cannot remove a case from state to federal court in their state of residence. This rule is found in 28 U.S.C. § 1441(b)(2), which provides:

> A civil action removable solely on the basis of diversity under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

This means that New York residents like Defendants cannot remove a diversity case to federal court if the action was originally brought in a New York state court – as this one was.

The motion for attorneys fees is denied. Notwithstanding their fundamental error, Defendants have raised a serious question about whether the plaintiff in this action has fairly and accurately represented its citizenship status to this court. Since that issue is not relevant to the issue of remand – it is Defendants' citizenship that bars removal – I have no intention of delving more deeply into it. But I cannot conclude that the Plaintiff has dealt with this court in good faith, and I have no intention of awarding attorneys' fees – to any party.

The Clerk of Court is directed to remand this action to the New York State Supreme Court in and for Bronx County. The file shall be transferred forthwith. The Clerk is directed to remove the motions (there are two of them; both were filed under a single docket entry) at Docket # 12 from this court's list of open motions. As soon as the case is remanded and the file transferred, the Clerk should close this case on my docket.

This constitutes a written decision.

Dated: September 26, 2024

                                                                             _____
                                                                                              U.S.D.J.

BY ECF TO ALL COUNSEL